requested charge #2, which reads as follows:

"If you believe the defendant took the wheel in this case for the purpose of parking said car, and with no intention of running away, you will acquit the defendant. * * *"

 We have concluded that appellant's contention is without merit and deem our holding in Butterfield v. State, 167 Tex.Cr. R. 64, 317 S.W.2d 943, to be controlling. If appellant here is found in a predicament, it is of his own doing, and he may not by such conduct claim the benefit of a defense to which he is not entitled.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Eldon Lee Bell, Dallas, for appellant.

Henry Wade, Dist. Atty., Kenneth E. Blassingame, Asst. Dist. Atty., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Relator was convicted in Criminal District Court of Dallas County of a felony and on April 6, 1965 was sentenced to a term of not less than 1 day nor more than 120 days *in the penitentiary,* sentence credited so as to begin December 28, 1964.

Relator has served the 120 day sentence without having been delivered to the Department of Corrections. The District Attorney of Dallas County agrees that he should be released immediately.

A question having arisen as to whether the Sheriff is authorized to release a prisoner he is ordered to deliver to the State Department of Corrections, and whether in view of Art. 119, Vernon's Ann.C.C.P. a District Judge has authority to order a prisoner released, relator applied for and was granted a writ of habeas corpus by District Judge Henry King, returnable to this Court as provided in Art. 119, V.A.C. C.P.

The undisputed facts showing that relator has served his sentence of 120 days, the

**Ex parte Henry Roland STARR.**

**No. 38406.**

Court of Criminal Appeals of Texas.

May 12, 1965.

Sheriff of Dallas County is directed to release him.

No motion for rehearing will be entertained. The clerk is directed to issue mandate forthwith.

**John Cecil McKENZIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38272.

Court of Criminal Appeals of Texas.

May 19, 1965.

Keith Marks, Dallas, for appellant.

Henry Wade, Dist. Atty., Jim Miller, Neil English and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is possession of marijuana; the punishment, fifteen years.

Narcotic officers Taylor and Zapata testified that on the night in question they parked their unmarked police car which was equipped with a long antenna and proceeded toward a cafe. As they did so, appellant and a companion drove up, parked their automobile in a lighted parking lot near the cafe and proceeded toward its entrance. While facing the officers, they appeared to nudge each other and each man tossed a roll of tin foil under or near an air conditioner which protruded from the cafe window. The officers rushed to the tin foil rolls, examined the contents, and from their experience on the narcotic squad, concluded that it resembled marijuana, and they then apprehended the two men. Appellant's companion had not entered the cafe at the time of his capture, but appellant had and was in the back of the cafe.